## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

HILLS POINT INDUSTRIES LLC d/b/a
GORILLA COMMERCE,

                  Plaintiff,

        v.

JUST FUR LOVE LLC,

                Defendant.

C.A. No. 22-1256 (GBW)

## **MEMORANDUM ORDER**

Pending before the Court is Plaintiff Hills Point Industries, LLC, d/b/a Gorilla Commerce's ("Commerce") Motion to Dismiss Defendant Just Fur Love's ("Love") willful infringement counterclaims. D.I. 16. Commerce filed this action seeking declaratory judgment that it does not infringe claim 1 of U.S. Patent No. 11,141,013 (the "'013 patent"). *See* D.I. 1. Love's Answer (the "initial Answer") asserted six (6) counterclaims against Commerce, asserting infringement of the '013 patent, along with infringement of U.S. Patent Nos. 10,806,285 (the "'285 patent"), 11,044,886 (the "'886 patent"), 11,116,177 (the "'177 patent"), and U.S. Design Patent Nos. D917,204 (the "'204 patent") and D986,129 (the "'129 patent") (the "Asserted Patents.") *Id.* Love also alleged willful infringement of several of the Asserted Patents. *Id.* Subsequently, Commerce moved to dismiss Love's allegations of willful infringement. D.I. 13, 14. Thereafter, Love filed its First Amended Answer and Counterclaims (the "amended Answer" and "amended Counterclaims"). D.I. 15. The amended Counterclaims allege infringement of the same Asserted Patents and include additional willful infringement allegations based on the initial Answer. D.I. 15.

1

Commerce now moves to dismiss the willful infringement allegations asserted in Love's amended Counterclaims I, II, III, IV, V, and VI for failure to sufficiently plead both pre-suit knowledge of the Asserted Patents and knowing and intentional infringement of the Asserted Patents. D.I. 16. For the reasons stated below, the Court grants-in-part and denies-in-part Commerce's motion. The Court grants Commerce's motion to dismiss amended Counterclaims II, III, IV, V, and VI. The Court denies Commerce's motion to dismiss amended Counterclaim I.

## I.     LEGAL STANDARD

### A.     Failure to State a Claim

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Such a claim must plausibly suggest "facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). But the Court will "'disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements.'" *Princeton Univ.*, 30 F.4th at 342 (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016)). Under Rule 12(b)(6), the Court must accept as true all factual allegations in the Complaint and view those facts in the light most favorable to the plaintiff. *See Fed. Trade Comm'n v. AbbVie Inc*, 976 F.3d 327, 351 (3d Cir. 2020).

2

### B. Willful Infringement

To sufficiently plead willful infringement, a patentee must allege facts plausibly showing that, as of the time of the claim's filing, the accused infringer: (1) knew of the patents-in-suit, (2) infringed the patents after acquiring that knowledge, and (3) knew, or should have known, that its conduct in doing so amounted to infringement of the patents. *Välinge Innovation AB v. Halstead New England Corp.*, C.A. No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018), *report and recommendation adopted* 2018 WL 11012901 (D. Del. Nov. 6, 2018).

## II. DISCUSSION

### A. The Court Grants-In-Part and Denies-In-Part Commerce's Partial Motion to Dismiss Love's Willful Infringement Counterclaims.

Commerce contends that Love failed to allege pre-suit knowledge of the '013, '285, '204, '129, '886, and '177 patents. D.I. 17 at 2. Further, Commerce argues that Love failed to sufficiently plead that Commerce knowingly and intentionally infringed those patents because Love's willfulness allegations are based solely on Commerce's knowledge of the initial Answer. *Id.* Commerce contends that willful infringement claims cannot be based solely on the contents of a prior pleading. *Id.* Further, with respect to the '013, '285, and '204 patents, Commerce argues that Love pled no facts alleging that Commerce knowingly infringed those patents after Commerce acquired knowledge of those patents. *Id.*

For the reasons stated below, the Court finds that Love sufficiently pled facts alleging willful infringement of the '013 patent but failed to sufficiently plead facts alleging willful infringement of the '285, '204, '129, '886, and '177 patents. Accordingly, the Court grants-in-part and denies-in-part Commerce's motion to dismiss.

3

### i. Love Pled Sufficient Facts to Show that Commerce Willfully Infringed the '013 Patent.

With respect to the '013 patent, Love pled that Commerce had pre-suit actual knowledge of the '013 patent because, for example, "prior to filing of this lawsuit, counsel for Gorilla Commerce contacted counsel for JFL regarding the '013 patent and its association to the accused GG Rug Gripper product…" *See* D.I. 15 at ¶ 42. Commerce contends that these facts are insufficient to demonstrate that Commerce knowingly or intentionally infringed the '013 patent. D.I. 17 at 8-9. Commerce also contends that its filing of a complaint for declaratory judgment of non-infringement reveals its belief that it did not infringe the '013 patent. *Id.* at 9.

Commerce's filing of a complaint for declaratory judgment, however, does not compel dismissal of Love's willful infringement allegations. As recognized by the court in *Tonal Sys., Inc. v. ICON Health & Fitness, Inc.*, whether "a declaratory judgment [c]omplaint" "forecloses the possibility that [the defendant] could have been willfully infringing the patents-in-suit as of the date [the plaintiff] filed its counterclaims" is "a good argument for the proof stage." C.A. No. 20-1197-LPS, 2021 WL 1785072 at *6 (D. Del. May 5, 2021), *report and recommendation adopted*, 2021 WL 5860783 (D. Del. Aug. 12, 2021). Such an argument, however, fails at the pleading stage because an accused infringer may "know[] that it very likely infringes, but nevertheless argue[] the opposite in litigation." *Id.*

In addition, the Court finds that Love pled sufficient facts to demonstrate that Commerce possessed pre-suit knowledge of the '013 patent and knew, or should have known, that its actions infringed the '013 patent. Love pled that counsel for Commerce contacted Love regarding the association of the '013 patent to Commerce's GG Rug Gripper product. D.I. 15 at ¶ 42. These facts provide evidence that Commerce knew of the '013 patent and knew, or should have known,

that it was infringing the '013 patent.  A patentee meets its burden at the pleading stage to show that the defendant knew, or should have known, that its conduct amounted to infringement when the patentee pleads facts indicating that (1) the patentee sent one or more notice letters identifying the "relevant patents," " the accused products," and "why it was that the product infringes the patents," and (2) the "alleged infringer continued to engage in infringing activities [thereafter.]" *Tonal*, 2021 WL 1785072 at *6; *see also Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, 2017 WL 74729 at *6 (S.D.N.Y. Jan. 4, 2017) (finding willful infringement allegations plausible where plaintiff sent multiple letters to defendant describing the alleged infringement, including a pre-suit letter that named particular patents at issue, identified defendant's allegedly infringing products, and informed defendant that plaintiff believed it to be using plaintiff's patents without authorization, and where defendant, *inter alia*, continued to engage in infringing activities).

Love pled that the parties exchanged a pre-suit letter that "mentioned the '013 patent" and its "association to the accused GG Rug Gripper." *See* D.I. 15 at ¶ 42.  Love also pled that Commerce continued to sell its accused product after receipt of Love's letter. *Id.* at ¶ 51.  Thus, Commerce was on notice of the '013 patent and why Love believed the '013 patent infringed, but chose to continue selling the accused product.  Accordingly, the Court denies Commerce's motion to dismiss Love's amended Counterclaim I because the Court finds that Love has met its burden to plead that Commerce had actual knowledge of the '013 patent, knew or should have known that its conduct infringed the patent, and continued to engage in infringement of the '013 patent.

### ii.    Love Failed to Plead Sufficient Facts to Show that Commerce Possessed Pre-Suit Knowledge of its Infringement of the '285 Patent.

With respect to the '285 patent, Love pled that Commerce had pre-suit actual knowledge of the '285 patent because Commerce filed with the PTO a Request for *Ex Parte* Reexamination.

D.I. 15 at ¶ 51.  The PTO granted that request and rejected claims 1-9 of the '285 patent on October 18, 2022.  D.I. 17 at 10.  Later, however, the PTO indicated that it would withdraw its rejection. *Id.* at 10-11.  Love's counsel provided notice of that development to Commerce.  *Id.*

Commerce contends that it could not have knowingly and intentionally infringed the '285 patent because the PTO found that the claims of the '285 patent were unpatentable.  *Id.*  While the PTO indicated on December 8, 2022 that it would withdraw its rejection of claims 1-9 of the '285 patent, the claims were rejected as of November 14, 2022—the date Love filed its initial Answer. *Id.*  Commerce also contends that Love's communication to Commerce that the PTO planned to withdraw its rejections did not put Commerce on notice that its conduct infringed the '285 patent. Commerce, thus, contends that Love did not sufficiently plead that Commerce knew, or should have known, that it was infringing the '285 patent.

The Court finds that Love has not sufficiently pled that Commerce knew, or should have known, that its conduct infringed the '285 patent.  Commerce's filing of its request for *ex parte* reexamination shows that Commerce had knowledge of the patent.  However, Commerce's filing does not show that Commerce knew or should have known that its conduct infringed the '285 patent.  35 U.S.C. § 302 states that "any person at any time may file a request for reexamination…" Given that "any person" can file a request for reexamination, the mere fact that a person sought reexamination of a patent does not mean that person necessarily believed their conduct infringed the patent for which they sought reexamination.  Therefore, the mere fact that Commerce filed for reexamination of the '285 patent is not sufficient by itself to state a claim for willfulness.  *See* 35 U.S.C. § 302.

6

### iii.   Love Failed to Plead Sufficient Facts to Show that Commerce Possessed Pre-Suit Knowledge of its Infringement of the '204 Patent.

With respect to the '204 patent, Love pled that Commerce had pre-suit actual knowledge of the '204 patent because a PTO examiner cited to the patent during Commerce's prosecution of U.S. Patent No. D955,143 ("the '143 patent").  D.I. 15 at ¶ 60.  Commerce contends that the examiner's citation to the '204 patent is insufficient to support an allegation of willfulness because the examiner did not discuss the '204 patent and the '143 patent issued over the '204 patent.  D.I. 17 at 11-12.

The Court finds that Love did not adequately plead that Commerce knew, or should have known, that its conduct infringed the '204 patent.  Love pled only that the examiner "identified" the '204 patent to Commerce.  D.I. 15 at ¶ 60.  Thus, at best, the examiner's identification of the '204 patent is evidence that Commerce *knew* of the '204 patent.  In fact, the PTO's issuance of the '143 patent over the '204 patent is evidence that Commerce may have possessed a good-faith belief that it did not infringe the '204 patent.  *See Callwave Commc'ns LLC v. AT & T Mobility LLC*, C.A. No. 12–1701–RGA, 2014 WL 5363741 at *2 (D. Del. Jan. 28, 2014) (finding that citations to the patent in multiple Information Disclosure Statements relating to defendant's patents was not sufficient knowledge to support an allegation of willfulness.").

Other courts have found in certain instances that a patent examiner's reference to a patent puts an alleged infringer on notice of the cited patent, even when the cited patent was included among multiple other references and the alleged infringer's patent issued over the cited patent. *See Sealant Sys. Int'l, Inc. v. TEK Glob.*, 2012 WL 13662 at *3 (N.D. Cal. Jan. 4, 2012).  The Court, however, is not convinced that a patent examiner's reference to a single asserted patent, among multiple other references, is sufficient to state a claim for willfulness—particularly when

7

the alleged infringer's patent issues over the cited patent. Pleading mere notice of an asserted patent is insufficient to state a claim for willfulness. *See Välinge*, 2018 WL 2411218 at \*13. Rather, a claim for willfulness requires pleading that the alleged infringer knew, or should have known, that its conduct amounted to infringement of the asserted patent. *Id.* Thus, because the court in *Sealant* found that the notice requirement does not require "notice of infringement" but, rather, only that "notice of [the] patent need be alleged and ultimately proven," the Court follows the reasoning of the court in *Callwave*. *See Sealant*, 2012 WL 13662 at \*3; *Callwave*, 2014 WL 5363741 at \*2.

Accordingly, the Court finds that Love did not plead facts sufficient to show that Commerce knew, or should have known, that its conduct infringed the '204 patent. *See Callwave*, 2014 WL 5363741 at \*2.

> ### iv.    Love Failed to Plead Sufficient Facts to Show that Commerce Possessed Either Pre-Suit or Post-Suit Knowledge of the '129, '886, and '177 Patents.

With respect to the '129, '886, and '177 patents, Love did not plead that Commerce had pre-suit actual knowledge of those patents. However, Love pled that Commerce obtained post-suit knowledge of those patents at the time of "the filing of the [initial] Answer." *See* D.I. 18 at 6.

Although this Court recognizes the conflicting authority in the District of Delaware on whether the filing of the complaint may establish knowledge for willfulness,[1] this Court adopts the

---

[1] *Compare IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 18-826-WCB, 2019 WL 330515, at \*4 (D. Del. Jan. 25, 2019) (finding that "As to [defendant's] post-suit activities ... knowledge of the patents was clearly conveyed to [defendant] by the service of the complaint"), *with Pact XPP Schweiz AG v. Intel Corp.*, C.A. No. 19-01006-JDW, 2023 WL 2631503, at \*5 (D. Del. Mar. 24, 2023) ("There are many reasons why a complaint can't constitute the basis willful infringement, among them that a complaint can't constitute an element of a claim that it purports to raise, and that it would mean all infringement suits involve willful infringement.").

view that "[t]he complaint itself cannot serve as the basis for a defendant's actionable knowledge" for a willful infringement claim. *Cleveland Med. Devices Inc. v. ResMed Inc.*, C.A. No. 22-794-GBW, 2023 WL 6389628 at \*6 (D. Del. Oct. 2, 2023); *see VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966, 2019 WL 1349468 at \*2 (D. Del. Mar. 26, 2019). Accordingly, because the complaint itself cannot serve as the basis for Commerce's knowledge of the asserted patents, the Court finds that Love has not pled facts sufficient to show that Commerce possessed actionable knowledge of the '129, '886, and '177 patents for purposes of willful infringement. *Id.*; *see* D.I. 15; D.I. 18 at 6-11.

## B.     The Court Grants-in-Part and Denies-in-Part Love's Motion for Leave to Amend.

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486–87 (3d Cir.1990) (citations omitted). Given that Love may be able to fix the deficiencies identified by the Court, the Court dismisses Love's willful infringement allegations without prejudice to Love's ability to move for leave to amend its willful infringement allegations at an appropriate time and in a timely manner in the future. *See, e.g.*, *The Neilson Co., LLC v. TVision Insights, Inc.*, C.A. No. 21-01592, D.I. 49 (D. Del. Aug. 10, 2022) (granting a motion to dismiss willfulness claims without prejudice "to [the plaintiff's] ability to attempt to allege willful infringement in the future as to this patent[,] pursuant to a proposed amended complaint or proposed supplemental complaint[]").

9

## III.    CONCLUSION

WHEREFORE, at Wilmington this 20th day of December 2023, **IT IS HEREBY ORDERED** that:

(1)    Commerce's Partial Motion to Dismiss Love's Willful Infringement Allegations (Amended Counterclaims I, II, III, IV, V, and VI) is **DENIED-IN-PART** with respect to amended Counterclaim I.  D.I. 16.

(2)    Commerce's Partial Motion to Dismiss Love's Willful Infringement Allegations is **GRANTED-IN-PART** with respect to amended Counterclaims II, III, IV, V, and VI.  Love's Amended Counterclaims II, III, IV, V, and VI are **DISMISSED WITHOUT PREJUDICE.**  *See* D.I. 15.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

Date: December 20, 2023